(No. 14521.—Judgment affirmed.)

MARSHALL FIELD & Co., Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(DILLA E. DUNLAP, Defend-
ant in Error.)

*Opinion filed October 21, 1922—Rehearing denied Dec. 7, 1922.*

1. WORKMEN'S COMPENSATION—*propositions of law cannot be
submitted on review in circuit court.* The statute which provides
for the submission to the court of propositions to be held as the
law of the case has no application to the review in the circuit court
of a proceeding for compensation, as it refers only to cases in
which there is a right to a trial by jury and in which the jury has
been waived.

2. SAME—*when constitutional question is waived.* An employer
who appears before the arbitrator, introduces evidence, examines
and cross-examines witnesses, and asks that the petition for com-
pensation be dismissed because the petitioner was not an employee
under the Compensation act, submits to the jurisdiction of the In-
dustrial Commission and waives his right to insist that the statute
purporting to confer such jurisdiction is unconstitutional.

3. SAME—*the circuit court may base judgment on finding that
award is not against manifest weight of evidence.* Notwithstand-
ing the statute providing that findings of fact made by the Indus-
trial Commission cannot be set aside by the circuit court unless
manifestly against the weight of the evidence has been held uncon-
stitutional as a special law regulating practice, the circuit court
may properly base its judgment on its findings that the award is
not against the manifest weight of the evidence and refuse to hold
a proposition of law as to the unconstitutionality of the statute.

4. SAME—*actual notice of injury is not required if employer has
knowledge of facts.* Under section 24 of the Compensation act,
where the employer has knowledge of all the details connected with
the accident he is not relieved from liability if he is not given
technical notice by the injured employee, even though disastrous
results follow the injury, which were not discoverable at the time.

5. SAME—*when voluntary payments may be regarded as having
been made under the Compensation act.* Where the employee from
time to time makes request by letter for compensation and is paid
at such times in accordance with the custom of the employer to
pay half pay for a limited period when employees become ill, such
payments may be regarded as made under the Compensation act,
and the employee is not bound to make demand for further com-

pensation so long as the payments continue and the employer makes no denial of liability, and in such case a demand for compensation within six months after the last payment is a sufficient compliance with the statute.

6. SAME—*when employer and employee in mercantile business are under Compensation act.* An employer who operates a large mercantile establishment, in which power-driven machinery is used, is automatically subject to the Compensation act; and his employee is likewise under the act, regardless of the kind of work in which the employee is engaged.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

FRANK P. LEFFINGWELL, for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Dilla E. Dunlap, an employee of Marshall Field & Co., received an injury in the course of her employment for which an award was made by the Industrial Commission, which the circuit court of Cook county confirmed, and a writ of error was allowed to review the record.

The defendant in error, in the afternoon of February 18, 1919, slipped and fell on the sixth floor of the building in which plaintiff in error is conducting a department store. She weighed more than two hundred pounds, and besides being rather severely jarred by the fall she injured her right thumb. She went to the nurse's room, where her thumb was painted with iodine, sat there for a while and did not return to work that afternoon. She came back the next day and worked each day afterward until March 3, except two days when she was absent on account of illness which does not appear to have been connected with the accident. After March 3 she was absent and did not return to work for a year, but on March 15, 1920, after a physical examination which indicated that she was in good health,

she again entered the service of Marshall Field & Co. at an advance in wages of five dollars a week and continued in its employ until November 17. On that day the question of her transfer to another department was discussed. She became very much excited and did not afterward return to work but the next day filed her application for compensation for the injury received on February 18, 1919. There was evidence that her condition was one of major hysteria, which disabled her for any gainful occupation, and there was some difference of opinion among the medical witnesses as to whether her condition was permanent or would improve. The award in her favor was for $11 a week for 318.2/11 weeks, and after that a pension of $23.33 a month for the reason that her injury caused permanent total disability. Her wages were $22 a week when she was injured, and the plaintiff in error paid her half pay from the time she left, March 3, to July 1, 1919. This was in accordance with the established policy of Marshall Field & Co. to allow employees who had been in its service a certain time half pay for absences on account of personal illness for a limited time.

On the hearing in the circuit court the plaintiff in error presented certain propositions which it asked the court to hold as law applicable to the case, but the court refused to do so. In substance they were, that the provisions of the Workmen's Compensation act which forbid the circuit court to set aside findings of fact by the Industrial Commission unless contrary to the manifest weight of the evidence are unconstitutional because they constitute a denial of the due process of law guaranteed by the Federal and State constitutions; that for the same reason the provisions declaring any enterprise in which municipal ordinance regulations are now or shall be hereafter imposed for the regulating, guarding, use or the placing of machinery or appliances, or for the protection and safeguarding employees or the public therein, extra-hazardous, are unconstitutional; and that

Marshall Field & Co. was not an employer and Dilla E. Dunlap was not an employee within the terms of the Workmen's Compensation act. The errors assigned and argued include the refusal of the court to hold these propositions, as well as the claim that notice of the accident was not given, demand of compensation was not made and proceedings were not instituted within the times required by the statute for those purposes, respectively.

It was not error for the court to refuse to hold these propositions of law, for the statute which provides for the submission to the court of propositions to be held as the law of the case has no application to a proceeding of this kind. It refers only to cases in which there is a right to a trial by jury and in which the jury has been waived. (Hurd's Stat. 1921, sec. 61, p. 2464; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 231 Ill. 112.) However, the court made no mistake, as indicated by the whole record, in his application of the law to the case.

The claim that the provision declaring enterprises in which municipal ordinances in regard to the regulation, guarding, use or placing of machinery or appliances or for the protection and safeguarding of employees or the public therein are imposed, to be extra-hazardous, is unconstitutional, was waived by the plaintiff in error. It appeared before the arbitrator, introduced evidence, examined and cross-examined witnesses, and asked that the petition be dismissed because the petitioner was not an employee or the respondent an employer within the provisions of the Workmen's Compensation act, and because the petitioner had not shown notice of the accident or claim for compensation within the period provided by the statute and because the claim was not brought within the time provided by statute. Having thus submitted to the jurisdiction of the Industrial Commission without objection the plaintiff in error waived its right to insist that the statute purporting to confer

such jurisdiction was an invasion of its constitutional right. *Shoal Creek Coal Co.* v. *Industrial Com.* 300 Ill. 551.

The provision which forbids the court to set aside the findings of fact by the commission unless contrary to the manifest weight of the evidence has been held unconstitutional as a special law regulating the practice in courts of justice. (*Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90.) Without regard to this statute, however, we have held that the findings of facts made by the commission will not be set aside unless manifestly against the weight of the evidence. (*Keller* v. *Industrial Com.* 302 Ill. 610.) Whether the proposition presented to the court stated a correct rule of law or not, his refusal of it was not erroneous. The record shows that he did find that the award was not against the manifest weight of the evidence, and it was not error to base his judgment on such a finding. It is not argued that the evidence does not sustain the finding as to the nature of the injuries of the defendant in error and the extent of her disability.

It is insisted that no notice of the accident was given the employer within thirty days. Mrs. Grathwohl was in charge of the department and was told of the accident when it happened. Mrs. Haynes was the nurse in the medical room whose duty it was to record the complaint in each case and the cause for coming to the bureau. She made a record of the injury to the thumb on February 18. Francis M. Guthridge was the division superintendent in charge of all employees on the sixth floor and knew of the accident the next day. Section 24 requires notice to the employer, but it also provides that failure to give notice shall not relieve the employer from liability for compensation when the facts and circumstances are known to the employer. No notice which could have been given would have furnished the employer with fuller knowledge of the facts and circumstances than it possessed the day after the accident. It did not know the disastrous results which were

to follow and no notice could have furnished it with such knowledge. It had knowledge of all the details connected with the accident, and in such case the employer is not relieved from liability even if technically it had not been given a notice by the injured employee.

Section 24 also requires claim for compensation to be made within six months after the accident. After the defendant in error quit work on March 3 the plaintiff in error on April 25 sent her a check for $99, being a week's wages due her and half pay for seven weeks when she did not work. On June 30 she wrote to Guthridge, the division superintendent, who was her superior, "If I am entitled to any more money will you please have it sent me?" On July 2 checks for $110 were sent her, making, with the previous amounts, payment to July 1 of half her weekly wages. On September 20 she wrote to Mrs. Fiske, her immediate superior, asking if she had had time to see Guthridge in regard to any money coming to the defendant in error, and saying if there is, she could certainly use it. This letter was answered by the plaintiff in error, saying that she had been given half pay to July 1, and in view of the uncertainty of her return to the store it was thought that under the circumstances all had been done that could be reasonably expected. The letters of defendant in error may fairly be regarded as a demand for compensation. They were a request for money by reason of her employment and her disability. They do not request charity, for one refers to money which she is entitled to, the other to money which is coming to her. Though the plaintiff in error, in making the payments, was simply following out a policy which it had adopted with reference to its employees without regard to any liability to them for compensation, yet, where compensation was actually due, the employee had a right to regard such payments as made under the Compensation act and was not bound to make demand for any further compensation so long as they continued. The case is not like

that of *Ohio Oil Co.* v. *Industrial Com.* 293 Ill. 461, where the employer, to the knowledge of the injured employee's attorney, expressly denied any liability under the act, and stated that the only thing to do was to institute proceedings before the Industrial Board, and the payments were made voluntarily, with a view to help the employee, without any reference to the act. The payments in this case were such as were contemplated by the act and there was no denial of liability. The last payment was made July 1, 1919. The letter of September 20 requesting further payment was within six months, as required by the act. The employee returned to work on March 15, 1920, and under such circumstances was not barred from maintaining her claim, provided she filed her claim with the Industrial Commission within eighteen months after her return, and this she did. Hurd's Stat. 1917, par. (*d*), sec. 8, p. 1453; ibid. 1921, sec. 24, p. 1564.

It is claimed that neither the employer nor the employee was working under the provisions of the Workmen's Compensation act at the time of the accident. The employer used power-driven machinery, dynamos and elevators in operating its mercantile establishment, which were subject to statutory regulation as to their use and location. (Hurd's Stat. 1921, par. 89, p. 1539; par. 92, p. 1540.) The act therefore applied automatically to the employer by virtue of paragraph 8 of section 3, and the act applies to all employees in the various kinds of hazardous business included in that section, regardless of the kind of work in which the employee is engaged. *Illinois Publishing and Printing Co.* v. *Industrial Com.* 299 Ill. 189.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*