199

(No. 4246 `

CHARLES L. BATLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1950.*

EDWARD J. FLYNN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

On August 19, 1948, claimant, Charles L. Batley, was injured in an accident which arose out of and in the course of his employment as a State Highway maintenance police officer (commonly known as a State policeman) in the Department of Public Safety, Division of Police.

On the day in question, claimant and another officer were driving west on U. S. Route 36 near the east limit of the Village of Alexander, Morgan County, Illinois. Claimant was riding in the front seat of their State police car beside the driver. They were pursuing a car thought to have been stolen. Ahead of this vehicle was a flat-bed semi-trailer truck, and ahead of the truck was a passenger car. The police car siren was sounded to

pass the semi-trailer, but at the same moment the semi-trailer pulled out to pass the passenger car ahead of it. To avoid a collision, the police car was driven onto the south highway shoulder and its left rear wheel skidded into the roadside ditch which caused the police car to be thrown out of control, overturn and then collide with a telephone pole. Both police officers were thrown clear of the police car during the overturning.

Both officers were injured and were taken to Our Saviour's Hospital, Jacksonville, Illinois. The next day it was discovered that claimant had sustained a fracture of a lumbar vertebra. Claimant was then taken to Barnes Hospital, St. Louis, Missouri, where X-rays disclosed a compression type fracture of the first and third lumbar vertebrae. Claimant also suffered multiple lacerations which completely healed.

Claimant remained at Barnes Hospital for a week when the fractures were reduced and a plaster jacket applied. He then returned to his home where he convalesced. The cast was removed in November, 1948, and he wore a Taylor brace until January, 1949. He returned to work on January 31, 1949. All medical treatment, hospitalization and appliances were furnished and paid for by respondent.

Claimant has a slight kyphosis in the upper lumbar region and some limitation of forward bending which results in some permanent partial incapacity. However, his earnings since he returned to work have been the same or greater than before his injury. Under such state of facts, no award can be made to claimant for permanent partial incapacity under Section 8 (d) of the Workmen's Compensation Act. *Cogdill* v. *State*, 18 C.C.R. 24. Such is apparently conceded by claimant.

However, claimant maintains that he is entitled to

a recovery under the proviso of said Section 8 (d). This proviso was first incorporated in the Workmen's Compensation Act in 1945. In 1949, the proviso was changed. Claimant's rights under the proviso are, therefore, to be determined by its wording as it stood prior to the 1949 amendment, since the accidental injury was sustained on August 19, 1948.

Section 8 (d) as it applies to this case is found at Ill. Rev. Stat. 1947, Chap. 48, Sec. 145, par. (d) and reads as follows:

"(d) If, after the *accidental* injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in paragraph (e) of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in paragraphs (b) and (h) of this section, equal to fifty percentum of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. Provided, however, if no compensation is awarded under the foregoing provisions of this paragraph, and when an *accidental* injury has been sustained which results in a fracture to the body of a vertebra, resulting in a loss of function of the back, compensation may be allowed for a period not to exceed thirty (30) weeks in addition to compensation for temporary total disability, such compensation to be in lieu of all other compensation specified hereinbefore by this paragraph."

Upon the record in this case, we find that claimant, not being entitled to an award for permanent partial incapacity or for a specific loss under Section 8 (e), has sustained an accidental injury which resulted in a fracture to the body of a vertebra, resulting in a loss of function of his back. Claimant is, therefore, entitled to an award of compensation for 30 weeks in addition to the compensation paid him for temporary total disability, since the facts in this case make the proviso in Section 8 (d) of the Workmen's Compensation Act applicable to him.

However, claimant cannot be given a net award by this Court since the record discloses that he was so much overpaid for temporary total disability as to more than extinguish the amount he would be entitled to under the proviso of Section 8 (d).

On the date of the accident, claimant was married and had two minor children, Judith Kay, born August 29, 1943, and Mary Lee, born June 3, 1946. His wife and said children were all dependent upon him for support.

Claimant had only worked for respondent for about five months prior to his injury, but the earnings of those similarly employed amounted to $2,820.00 per year. Claimant's rate of compensation was, therefore, $20.80 per week.

From August 20, 1948, till January 31, 1949, the period claimant was totally and temporarily disabled, he was paid his full salary of $235.00 per month. For his 23 4/7 weeks period of temporary total disability he was paid $1,265.97, although he was entitled to only $490.29 at his rate of compensation. He was thus overpaid the sum of $775.68.

Under the proviso of Section 8 (d) he would be entitled to compensation for 30 weeks at $20.80 per week, or the sum of $624.00.

The net overpayment to claimant thus amounts to $151.68.

In an attempt to avoid this bizarre result, claimant argues that since he was paid his full salary, he was not paid compensation but was paid wages. The decisions do not support claimant in this contention, since the Supreme Court has held that payment of full salary with knowledge of the injury and without denial of liability is a payment of compensation. *United Air Lines* v. *Ind. Com.*, 364 Ill. 436; *Marshall Field & Co.* v. *Ind. Com.*, 305

Ill. 134; *Tyler* v. *Ind. Com.*, 364 Ill. 381; *Olney Seed Co.* v. *Ind. Com.*, 403 Ill. 587.

Were we to follow claimant's contention that no compensation was paid to him, he would be further embarrassed because this Court would have no jurisdiction of the case since it was filed more than one year after the date of the accident. But we hold that no jurisdictional questions are or can be involved in this case.

Having concluded that claimant has been overpaid $151.68, what can this Court do?

Section 8 E of the Court of Claims Act provides that this Court has jurisdiction of all claims for recoupment made by respondent against any claimant. But respondent has made no such claim for recoupment. Respondent filed no answer to the complaint and by Rule 11 of the rules of this Court, respondent is held to have filed a general denial.

Rule 2 of the rules of this Court makes the Civil Practive Act, Ill. Rev. Stat. 1949, Chap. 110, applicable to actions in this Court except as otherwise provided in our rules. Under the Civil Practice Act, recoupment can only be asserted by a counterclaim. Ill. Rev. Stat. 1949, Chap. 110, Sec. 162. But the filing of a counterclaim under the Civil Practice Act is not mandatory. *Grodsky* v. *Sipe,* 30 F. Supp. 656. Respondent having failed to file a counterclaim, we must, therefore, conclude that no order can be made in favor of respondent to recover the net overpayment to claimant.

Isabel Irlam, Jacksonville, Illinois, was employed to take and transcribe the testimony before Commissioner Summers. Her charges amounted to $10.00, and an award is entered in her favor for such sum.

Award to claimant denied. Recoupment to respondent denied for failure to plead same by counterclaim.

■

This award is subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''