Emcasco Insurance Company, Plaintiff-Appellee, v. Joaquin Alvarez and Olga Alvarez, Defendants-Appellants.

Gen. No. 53,134.

First District, First Division.

May 19, 1969.

 

Albert Koretzky, of Chicago, for appellants.

Fischel, Kahn, Weinberg, Diamond & Brusslan, of Chicago (Dan Brusslan and Joel H. Fenchel, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Defendants [insureds] appeal from a declaratory judgment entered on the pleadings, which found that the defendants were not entitled to pursue a claim under the uninsured motorists provisions of their policy of insurance because defendants continuously failed and refused to submit to oral and medical examinations as required by the conditions of the policy and as requested by plaintiff. On appeal, the principal issue presented is whether the plaintiff had a right to require the examinations following the commencement of arbitration proceedings.

On November 16, 1964, plaintiff insurance company issued its Family Automobile Policy to defendant, Joaquin Alvarez, which included "PART IV—PROTECTION AGAINST UNINSURED MOTORISTS," for bodily injuries. "Part IV" provided for arbitration in the event the insured and the company (1) "do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured," and (2) "do not

308

agree as to the amount of payment which may be owing under this Part."

On February 26, 1965, defendants were involved in a collision with another motor vehicle operated by Charlotte L. Lewis. On January 28, 1966, they informed plaintiff in writing that it would "probably be necessary to make a claim under the uninsured motorists' provisions of the policy." On February 11, 1966, plaintiff informed defendants' attorney that plaintiff had accepted the fact that Charlotte L. Lewis was uninsured at the time of the occurrence. Thereafter, on March 1, 1966, and March 8, the attorney for defendants submitted various medical reports and lost time statements with a view toward settling the uninsured motorist claim with plaintiff.

On April 1, 1966, defendants filed a demand for arbitration with the American Arbitration Association. Thereafter, on April 15, 1966, plaintiff filed its written appearance in the arbitration proceedings. Plaintiff's appearance included an answering statement, which denied that the claimants were injured by an uninsured motorist and also included was an additional statement, "On behalf of Emcasco Insurance Company, we respectfully request the right to take the oral statements under oath of all claimants involved in this matter, and also demand the right to have an independent medical examination of the claimants in accordance with the Illinois Revised Statutes. May I suggest that when an arbitrator is appointed, this matter be set for sometime in July of 1966, so that we will have enough time to fully investigate this matter."

Thereafter, on July 7, 1966, plaintiff filed the instant complaint for a declaratory judgment, in which it was alleged that the defendants were not entitled to pursue a claim under the uninsured motorists clause of the insurance policy, because they refused to give oral statements and submit themselves for medical examination

pursuant to paragraph 9 of the "Conditions" of the policy, which provided as follows:

"9. Proof of Claim; Medical Reports—Part IV. As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable. The insured and every other person making claim shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

"The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records."

In substance, the prayer of the complaint was that the court determine whether defendants had breached the terms and conditions of the policy; and if it was found that the policy had been breached by defendants, enter a declaratory judgment that the defendants were not entitled to any coverage under the uninsured motorists clause of the policy in regard to the claim set forth and not entitled to pursue a claim thereunder.

On November 14, 1966, the trial court denied defendants' motion to dismiss plaintiff's complaint. Defend-

ants' answer, filed on January 18, 1967, alleged: "[Par 2] . . . that before the defendants commenced their arbitration action, the plaintiff did not require any oral or medical examinations under said Paragraph 9"; "[Par 5] . . . The actual controversy between the parties is whether paragraph 9 of the Conditions of the insurance policy remains applicable where the insurance company has filed a general appearance in a pending arbitration action"; and "[Par 6] . . . The plaintiff did not, as a condition precedent to the arbitration action or to its filing a general appearance in said action, require any oral or medical examinations of the defendants. Instead, it required oral and medical examinations as conditions subsequent to the arbitration action."

On January 12, 1968, a pre-trial conference was held by the trial court, and an order was entered which found that plaintiff was entitled to have the defendants submit to medical and oral examinations pursuant to the terms of the policy. The order directed the defendants to give their oral statements at a stated time and to submit to medical examination by two named physicians at the convenience of the parties. .

The order of January 12, 1968, continued the matter to February 15, 1968, with the proviso "that if the Defendants have failed to comply with the terms of this Order, judgment will then be entered on the pleadings herein, in favor of the Plaintiff and against the Defendants, in accordance with the Complaint of the Plaintiff, filed herein."

On February 15, 1968, the trial court entered a judgment order which found that the defendants failed to comply with the terms of the order of January 12, 1968, and that "Defendants have refused to give oral statements and have refused to submit to medical examination, all as requested in the notice of the Plaintiff to Defendants set forth in paragraph 10 of the Complaint herein, and as required by paragraph 9 of the conditions

of the policy of insurance," and "that Defendants by their continuing refusal to comply with the provisions of said policy and the provisions of the Order of this Court of January 12, 1968, have violated the terms and provisions of the policy and, consequently, the Plaintiff is not obligated to proceed with the arbitration proceedings set forth in the Complaint herein, and Defendants are not entitled to recover any sum of money from the Plaintiff under the uninsured motorist's provision of said policy of insurance, and Defendants have no further rights thereunder." The order further recited that "the Court hereby enters a Declaratory Judgment determining that the Defendants, Joaquin Alvarez and Olga Alvarez, are not entitled to pursue a claim under the uninsured motorist's clause of said policy of insurance . . . ."

Defendants contend the trial court erred (1) in entering the order of November 14, 1966, which denied defendants' motion to dismiss; (2) in entering the order of January 12, 1968, which ordered defendants to give oral statements and to submit to physical examination, not sought in the complaint and entered on the court's own motion; and (3) in granting judgment on the pleadings in favor of plaintiff, which relief was inconsistent with and contrary to undisputed pleadings.

Considered first is defendants' contention that the complaint was insufficient in law to entitle plaintiff to declaratory relief. Defendants argue that an examination of the complaint reveals that no request for the determination of the validity or construction of any ambiguous provisions of the insurance policy is contained therein, and the plaintiff here simply requested a declaration that the defendants were not entitled to pursue their demand for arbitration under said policy of insurance. Defendants argue that the policy of insurance itself provides no remedy whatever if the insured fails to comply or breaches any condition precedent and

312

"the uninsured motorist coverage contains no provisions concerning cancellation."

Defendants further argue that "discovery is not permitted, however, under either the Uniform Arbitration Act or the Accident Claims Tribunal Rules of the American Arbitration Association or the insurance policy after the initiation of the arbitration," and "since the arbitration agreement was and is valid, enforceable and irrevocable, the insurance company's complaint to revoke its agreement to arbitrate was made without any reasonable cause and not in good faith and should subject it to the payment of defendants' reasonable expenses together with a reasonable attorney's fee . . . ." Defendants assert that "where another appropriate action involving the same subject matter and issues is already pending when the declaratory judgment is commenced, a declaratory judgment proceeding will not ordinarily be entertained, in that declarations and decisions must be made in the first instance by the court whose power is first invoked."

Defendants' authorities include Trojan Fireworks Co. v. Acme Specialties Corp., 66 Ill App2d 108, 213 NE2d 44 (1965), where it is said (p 114) :

> "By application of the doctrine of res judicata, where another appropriate action involving the same subject matter and issues is already pending when the declaratory judgment is commenced, a declaratory judgment proceeding will not ordinarily be entertained, in that declarations and decisions must be made in the first instance by the court whose power is first invoked."

Also, Interlake Iron Corp. v. Dravo Corp., 68 Ill App2d 167, 169, 215 NE2d 137 (1966) :

> "The good purpose of the Declaratory Judgment Act is clear. The Act was passed to provide expedient

313

relief and to prohibit a multiplicity of suits. It was not designed to supplant existing remedies."

Plaintiff contends that the instant insurance policy provides, as a precondition to recovery or to the right to seek recovery for claims regarding uninsured motorists, that defendants submit themselves to the oral and physical examinations provided for in paragraph 9 of the "Conditions" section of the policy. Plaintiff maintains that its contract right to demand oral and physical examinations was a precondition to coverage of Part IV of the policy, continuing in nature, and it was terminated by the filing of the arbitration proceedings by defendants. Plaintiff notes that the policy also states that "no action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy . . . ."

After considering the contentions and supporting authorities of both parties, we have arrived at the following conclusions:

■ (1) Paragraph 9 of the "Conditions" applied to defendants' uninsured motorists claim, and plaintiff's rights thereunder were not terminated or lessened by the filing of the arbitration proceedings by defendants. Compliance with paragraph 9 by defendants "as often as may reasonably be required" was continuing in nature and was a condition precedent to the enforcement of defendants' uninsured motorists claim.

■ (2) Plaintiff's declaratory judgment suit, which basically presented a question of coverage, did not supplant an existing remedy or another appropriate pending action. The complaint states a cause of action sufficient to bring it within the provisions of section 57.1 of the Civil Practice Act. The complaint recites in detail an actual controversy between the parties and prays for a declaration of rights having the force of a final judgment which would terminate the controversy or some

314

part thereof. In Greene v. Gust, 26 Ill App2d 2, 6, 167 NE2d 438 (1960), it is said:

> "The fact that a plaintiff is not entitled to the precise relief sought, or because the court disagrees with plaintiff's construction of the contract involved, is not sufficient to dismiss a declaratory complaint. Unless it appears to a certainty that the plaintiff is entitled to no relief on the provable stated facts, the complaint must be sustained."

We find that the order of November 15, 1966, properly denied defendants' motion to dismiss. See, also, Liberty Mut. Fire Ins. Co. v. Loring, 91 Ill App2d 372, 376, 235 NE2d 418 (1968).

Considered next is defendants' contentions that the trial court erred in (1) entering the pre-trial order of January 12, 1968, which ordered defendants to give oral statements and to submit to physical examination, not sought in the complaint and entered on the court's own motion, and (2) in granting judgment on the pleadings in favor of plaintiff, which relief was inconsistent with and contrary to the undisputed pleadings.

██ We find that the pre-trial order of January 12, 1968, for the examinations was proper and within the statutory guidelines set forth in section 57.1. The record indicates that there was some question as to whether the plaintiff had properly demanded the questioned examinations. The order by the court for such examinations gave defendants an opportunity to comply with the policy requirements. The order further provided that following the examinations the parties proceed to arbitration, and if defendants failed to comply with the terms of the order, judgment would be entered on the pleadings for plaintiff and against defendants.

In the judgment order of February 15, 1968, the court found that defendants had not complied with the order

of January 12, 1968, had refused to give oral statements, had refused to submit to medical examinations as requested and required, and had violated the terms of the policy. Consequently "the Plaintiff is not obligated to proceed with the arbitration proceedings set forth in the Complaint herein, and Defendants are not entitled to recover any sum of money from the Plaintiff under the uninsured motorist's provision of said policy of insurance, and Defendants have no further rights thereunder."

We believe that this order was properly entered on the pleadings and that the taking of evidence was not required. There was an actual controversy as to whether defendants were entitled to uninsured motorists coverage. No facts were in dispute because, as defendants stated in their answer, "the actual controversy between the parties is whether paragraph 9 of the Conditions of the insurance policy remains applicable where the insurance company has filed a general appearance in a pending arbitration action." The order declared that the defendants had no further rights under the uninsured motorists provision of the policy. In our opinion the order made a binding declaration of rights, having the force of a final judgment, and terminated the controversy.

For the reasons stated, the orders of November 14, 1966, and January 12, 1968, and the judgment order of February 15, 1968, are all affirmed.

Affirmed.

ADESKO, P. J. and BURMAN, J., concur.