Insurance Company of North America, Plaintiff-Appellant, *v.* Kim J. Goelz, Defendant-Appellee.

(No. 70-215;

Third District—April 20, 1972.

Heyl, Royster, Voekler & Allen, of Peoria, (Raymond C. Rose, of counsel,) for appellant.

Thomas V. Cassidy, of Peoria, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant Kim Goelz was injured in an automobile accident on September 14, 1967, with an uninsured motorist. She made claim under the uninsured motorist coverage of her policy which had been issued by the plaintiff, Insurance Company of North America. On Feb. 14, 1968, the insured filed a Demand for Arbitration with the American Arbitration Association.

On and after May 7, 1968, the attorneys for plaintiff insurer requested defendant, through her attorney to execute authorizations to enable the insurer to obtain medical reports and copies of medical records. Defendant refused. After repeated demands plaintiff on August 1, 1968, filed a Complaint for Declaratory Judgment praying that the court declare

the rights of the parties under the policy and in essence asking for a forfeiture.

After the hearing the trial court entered an order on September 23, 1970, which provided in substance that if the defendant, within 30 days, executed authorizations to enable plaintiff to obtain medical reports and copies of records she should have judgment and be allowed to proceed with Arbitration, otherwise she be barred from proceeding with her claim. This appeal is taken from that order. The defendant on October 22, 1970, furnished the required authorizations and on that date filed an affidavit of compliance with the trial court.

The policy in question contains the standard conditions which provide in part as follows:

"The Insured shall cooperate with the Company * * *.

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy * * *.

PROOF OF CLAIMS; MEDICAL REPORTS (Uninsured Motorists Coverage) * * *.

The injured person * * * shall upon each request from the Company execute authorization to enable the Company to obtain medical reports and copies of records."

One of the issues raised by appellant is that the policy was not ambiguous. The argument being that as a condition precedent to any claim under the uninsured motorist provision the assured must fully comply with the terms of the policy. It must be remembered that at the time the Demand for Arbitration was filed the insured had fully met all the terms and conditions of the policy. The case of *Emcasco Insurance Co. v. Alvarez*, 110 Ill.App.2d 307, had not yet been decided.

The policy does not provide that a failure to execute the authorizations shall forfeit the policy, it provides that, "no action shall lie". An arbitration proceeding provided for by an agreement has been held not to be an action. 1 C.J.S. Actions Sec. 1, Note 80 citing *In re Interocean Mercantile Corporation* 197 N.Y.S. 706, 708, 204 App.Div. 284; *Temple v. Riverland Co.* (Tex.Civ.App.) 228 S.W. 605 609.

■■ To hold a refusal, which the insured and her attorney in good faith believed justified, would work a forfeiture of the policy without first giving the insured a right to comply with the same if she was honestly mistaken would be placing a too narrow and technical construction upon the provisions of the policy.

*Emcasco Ins. Co. v. Alvarez, supra,* was decided during the pendency of this action. The facts in that case are practically on all fours with

the facts in this case, the issues the same. In that case the insured was given an opportunity by the trial court to comply. The Appellate Court approved.

■■ Appellee has assigned for cross-error that the appeal was premature and not properly perfected. In view of the fact that we feel impelled to affirm the judgment of the Circuit Court on the merits, it is unnecessary to determine the question of appellant's right to appeal. The judgment of the Circuit Court is affirmed. *People v. Henderson*, 201 Ill.App. 247.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.