JOSEPH CALABRESE, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 1—88—2113

Opinion filed August 9, 1989.—Rehearing denied September 15, 1989.

Terrence Michael Jordan, of Chicago, for appellant.

Ellyn B. Dorf and Victor J. Piekarski, both of Querrey & Harrow, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Joseph Calabrese, filed a three-count complaint in the circuit court of Cook County against defendant, State Farm Mutual Automobile Insurance Company. Count I sought vacatur of the arbitrators' award for defendant under the Uniform Arbitration Act (Act) (Ill. Rev. Stat. 1985, ch. 10, par. 101 *et seq.*). Count II sought a declaratory judgment that the arbitration had not been completed and that no final award in conformity with the Act had been issued. Count III sought a declaratory judgment that section 143a of the Illinois Insurance Code (the Code) (Ill. Rev. Stat. 1985, ch. 73, par. 755a), which requires the arbitration of disputes relating to the uninsured motorist coverage mandated therein, and the Uniform Arbitration Act are unconstitutional. Plaintiff appeals: (1) the denial of his motion to compel discovery; (2) the dismissal of counts I and II and paragraph 21 of count III of plaintiff's complaint; (3) the denial of leave to file an amended complaint; and (4) the summary judgment for defendant on the remainder of count III.

On October 31, 1984, plaintiff had an accident while driving east on the Eisenhower Expressway near Western Avenue. At that time, defendant insured plaintiff under an automobile insurance policy providing uninsured motorist coverage. The policy further provided for binding arbitration if the insured and defendant could not agree whether the insured was legally entitled to damages from the owner/

driver of an uninsured or underinsured vehicle or the amount of such damages. Apparently, because the record does not contain any evidence thereof, plaintiff and defendant disputed at least one of these matters. Thereafter, as required by the policy, plaintiff requested arbitration. Pursuant to the policy terms, plaintiff and defendant then selected two arbitrators who, in turn, selected a third, neutral arbitrator.

After the arbitration hearing, the arbitrators entered an award for defendant based on plaintiff's failure to sustain his burden of proof with respect to the liability of the hit-and-run motorist who he alleged had caused his accident by colliding with his vehicle in the rear while attempting to pass his vehicle.

■ On appeal, plaintiff first contends that the trial court erred in denying his motion to compel discovery relating to the alleged bias of the neutral arbitrator. Plaintiff asserts that count I of his original complaint was premised on the theory that the neutral arbitrator had an undisclosed and continuing relationship with defendant.

Plaintiff sought information from defendant relating to all claims in which the neutral arbitrator had legally represented or was representing either insureds of defendant against it or claimants against an insured of defendant. Plaintiff also sought information regarding all matters during a seven-year period in which the neutral arbitrator had served as an arbitrator and to which defendant had been a party. Defendant objected to these requests on the grounds that they were irrelevant, immaterial and unduly burdensome. However, defendant did admit that it had paid the neutral arbitrator for legal services in 27 cases, in 14 of which he had served as an arbitrator and in the remaining 13 of which he had served in an undetermined capacity, although possibly as an arbitrator. The trial court concluded that the discovery sought by plaintiff was irrelevant and immaterial to plaintiff's complaint.

Count I of plaintiff's original complaint sought vacatur of the arbitrators' award on the ground that it was obtained through undue means and/or that the arbitrators exceeded their powers. (Ill. Rev. Stat. 1985, ch. 10, par. 112.) Count 1 then set out the specific ways in which that had occurred. The fact that the neutral arbitrator had an undisclosed and continuing relationship with defendant was not included as one of the ways in which the award was obtained through undue means or in which the arbitrators exceeded their powers. Thus, we agree with the trial court that the discovery which plaintiff sought was irrelevant to any issue framed by plaintiff's original complaint.

However, even assuming that fact and further assuming that the

trial court properly dismissed the original complaint, we cannot say that the discovery sought by plaintiff was irrelevant to the allegations of his amended complaint.

In contrast to the original complaint, the amended complaint specifically alleged that the neutral arbitrator was representing the plaintiffs in two pending cases, Nos. 86—L—00057 and 87—L—19593, against insureds of defendant in the circuit court of Cook County. The complaint further alleged that the neutral arbitrator's and defendant's failures to disclose that fact constituted fraud in the arbitration proceedings. We believe that these allegations were sufficient to *plead* a claim for vacatur of the arbitration award on the basis of fraud or bias.

In so concluding, we note that it is the appearance or impression of possible bias, not only actual fraud or bias, which arbitrators must avoid. (*Commonwealth Coatings Corp. v. Continental Casualty Co.* (1968), 393 U.S. 145, 21 L. Ed. 2d 301, 89 S. Ct. 337.) The neutral arbitrator's representation of the plaintiffs in the two cases pending during the arbitration proceedings, coupled with defendant's admission in objecting to plaintiff's discovery request, provided a sufficient basis to allege, at the pleading stage, that the neutral arbitrator was chargeable with the appearance of bias. We do not mean to suggest that every arbitrator must disclose the number of cases, no matter how small, involving one of the parties to an arbitration which he has previously arbitrated. However, we do believe that the relationship between the neutral arbitrator and defendant in this case was substantial enough that plaintiff had a right to know of it before submitting his claim against defendant to an arbitration panel including the neutral arbitrator. Even if the original complaint was insufficient at law to state a claim for vacatur of the arbitration award, the amended complaint was not.

We believe that plaintiff adequately alleged grounds for vacating the arbitration award in the amended complaint and that that amendment should have been allowed in the interests of justice. (*Swaw v. Ortell* (1984), 137 Ill. App. 3d 60, 74, 484 N.E.2d 780.) Therefore, defendant should have been ordered to provide plaintiff with the discovery he sought. As such, we need not decide whether, as plaintiff next contends, the arbitration award should be vacated due to the neutral arbitrator's nondisclosure of his legal relationship with defendant.

■ Plaintiff also asserts that the trial court erred in striking paragraph 21 of count III, which asserted that, if section 143a of the Code was constitutional, the Uniform Arbitration Act does not apply

to statutorily compelled arbitrations.

We must presume that section 143a, like any act of the legislature, is constitutional. (*People v. Ortega* (1982), 106 Ill. App. 3d 1018, 436 N.E.2d 606.) We must also presume, therefore, that plaintiff was properly required to arbitrate his claim against defendant. As such, plaintiff offers no cogent support for the contention that the standards of review of arbitration awards established in the Uniform Arbitration Act do not apply to the award here. The most glaring deficiency in his argument is the standard or standards to be applied to arbitral awards entered pursuant to section 143a if the Act does not apply. Whatever those standards may be, they are obviously broader than provided in the Act. However, this ignores that limited judicial review of arbitral awards is not merely dictated by the Act but, more fundamentally, is motivated by the desire to encourage arbitration as an alternative method of dispute resolution. (See *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181.) This is evidenced by the fact that even under the common law there are limited grounds, essentially the same as those found in section 12 of the Act, for vacating arbitral awards. (*Garver*, 76 Ill. 2d at 8.) The trial court did not err in striking paragraph 21 of count III of the complaint.

■ Plaintiff lastly contends that section 143a is unconstitutional in that it: (1) delegates judicial powers to nonjudges in contravention of *Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763; and (2), coupled with the limited review of arbitration awards mandated by the Uniform Arbitration Act, denies an insured such as plaintiff the constitutional right of free and unfettered access to the courts. Ill. Const. 1970, art. I, §12; *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 381 N.E.2d 1367, *cert. denied* (1979), 444 U.S. 828, 62 L. Ed. 2d 36, 100 S. Ct. 53.

Notwithstanding the parties' argument on the merits of this contention, we conclude that it has been waived. In *Marshall Field & Co. v. Industrial Comm'n* (1922), 305 Ill. 134, 137 N.E. 121, a workmen's compensation case, the circuit court refused to hold unconstitutional provisions of the Workmen's Compensation Act declaring certain enterprises extrahazardous. The supreme court affirmed, holding that the employer had waived the claim. The court noted that the employer had, *inter alia*, appeared before the arbitrator, introduced evidence, examined and cross-examined witnesses. "Having thus submitted to the jurisdiction of the Industrial Commission without objection the [employer] waived its right to insist that the statute purporting to confer such jurisdiction was an invasion of its constitutional right." *Marshall Field*, 305 Ill. at 137-38.

Plaintiff, like the employer in *Marshall Field,* submitted his claim to the jurisdiction of the arbitration panel contemplated in defendant's policy without objection. He too introduced evidence, examined and cross-examined witnesses, *i.e.*, participating fully, in the arbitration hearing. Therefore, he also has waived his claim regarding the constitutionality of section 143a and the Uniform Arbitration Act.

■ Finally, we note that plaintiff's notice of appeal indicates an appeal of the order dismissing count II. However, contrary to the assertion in his reply brief, his opening brief did not raise the issue. It has therefore been waived. *Batteast v. Argonaut Insurance Co.* (1983), 118 Ill. App. 3d 4, 454 N.E.2d 706.

For all of the foregoing reasons, we affirm: (1) the dismissal of counts I and II of the original complaint; (2) the order striking paragraph 21 of count III; and (3) the summary judgment for defendant on the remainder of count III; and we reverse: (4) the denial of leave to file the amended complaint; and (5) the denial of the motion to compel discovery.

Affirmed in part; reversed in part and remanded.

RIZZI and WHITE, JJ., concur.