SAFEWAY INSURANCE COMPANY, Plaintiff-Appellant, v. AMERICAN ARBITRATION ASSOCIATION *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—91—2110

Opinion filed May 24, 1993.

Parrillo, Weiss & O'Halloran, of Chicago (Jon R. Parrillo and Keely Truax, of counsel), for appellant.

Miller, Shakman, Hamilton & Kurtzon, of Chicago (Geraldine Soat Brown, of counsel), for appellees American Arbitration Association and Craig Gogins.

Spinak, Levinson & Babcock, P.C., of Chicago (Laura Di Andrea-Iversen, of counsel), for appellee Harry Hamilton.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Safeway Insurance Company (Safeway) appeals orders of the circuit court of Cook County: (1) denying plaintiff's motion to stay an arbitration conducted under the auspices of defendant American Arbitration Association (AAA) in a matter administered by defendant Craig Gogins and arbitrated by Ellis M. Sostrin; (2) confirming an arbitration award in favor of defendant Harry Hamilton; and (3) dismissing a complaint that sought to vacate the award. For the following reasons, we dismiss the appeal in part and affirm in part.

The record on appeal indicates that Safeway's motion to stay arbitration and its later complaint contain substantially similar allegations of fact. On April 10, 1987, Hamilton was a named insured on a policy issued by Safeway. The policy provided uninsured motorist coverage and provided for arbitration of claims arising under that coverage.

The policy also provided that no action shall lie against Safeway unless, as a condition precedent, the insured is in full compliance with the terms of the policy. One of the conditions of the policy is that the insured shall submit to examinations under oath by any person representing Safeway as often as may reasonably be required.

Hamilton apparently had occasion to make an uninsured motorist claim under the policy, though the record does not indicate the date or nature of the claim. On January 31, 1990, Hamilton filed a demand for arbitration with the AAA. Hamilton had not given a sworn statement at that time.

Safeway alleges that it demanded that the AAA close the file and arrest administration of the arbitration until the sworn statement was given. Safeway alleges that Gogins and the AAA refused and continued to administer arbitration of the claim, eventually appointing Ellis M. Sostrin as the arbitrator. Sostrin was not made aware of the conflict between the parties. Safeway demanded that the AAA submit a new list of potential arbitrators and that the AAA refused to do so.

On November 30, 1990, Safeway filed a complaint to stay arbitration against the AAA and Gogins. On February 1, 1991, the trial court entered an order finding Hamilton to be a necessary party to the proceedings. On February 4, 1991, the trial court granted Safeway's motion to amend the complaint to add Hamilton as a party.

On February 13, 1991, Safeway filed a motion to stay the arbitration, which was denied on February 19, 1991. Safeway alleges that the arbitration hearing was held on February 21, 1991. The arbitrator awarded $2,400 to Hamilton.

Though not a part of this record on appeal, we note that Safeway filed a notice of appeal to this court as to the February 19, 1991, order on February 25, 1991. However, Safeway moved to withdraw the appeal on March 22, 1991; the motion was granted without prejudice by this court on April 4, 1991.

On March 7, 1991, the AAA and Gogins moved to dismiss Safeway's amended complaint pursuant to section 2–615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2–615). On March 14, 1991, Hamilton moved to confirm the arbitration award. On March 18, 1991, the trial court granted the motions to dismiss Safeway's amended complaint with leave to amend. Safeway's second amended complaint was filed on April 15, 1991. Although Safeway entitled it a "Second Amended Complaint to Stay Arbitration," the complaint seeks to vacate the award and have a new arbitration of the claim. Safeway also requested that the award be vacated in its response to the motion to confirm the award, which Safeway filed on

April 29, 1991. Safeway claims in its brief that it also filed a motion to vacate, but the record citation refers to the aforementioned response.

On May 9, 1991, Hamilton moved to dismiss the second amended complaint; the AAA and Gogins did the same on May 13, 1991. On May 22, 1991, the trial court entered an order dismissing Safeway's second amended complaint with prejudice, confirming the arbitration award and denying Safeway's request to vacate the award. Safeway filed a notice of appeal regarding the orders entered on February 19 and May 22, 1991.

## I

■■ Initially, we consider this court's jurisdiction to consider the appeal of the February 19, 1991, order denying a stay of arbitration. Even when neither party raises the issue, this court has a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is wanting. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252, 1253; *Voiland v. Warsawsky* (1989), 182 Ill. App. 3d 332, 334, 538 N.E.2d 764, 765.) An order denying a motion to stay arbitration is considered to be an interlocutory order appealable pursuant to Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)). (See *Grane v. Grane* (1985), 130 Ill. App. 3d 332, 339, 473 N.E.2d 1366, 1370-71.) This is because such orders are analogous to orders denying injunctive relief. (*Grane*, 130 Ill. App. 3d at 337-38, 473 N.E.2d at 1369-70.) Appeals taken pursuant to Rule 307(a)(1) must be perfected by the filing of a notice of appeal within 30 days from the entry of the interlocutory order. (107 Ill. 2d R. 307(a)(1).) Accordingly, a party seeking to appeal an order denying a motion to stay arbitration must perfect the appeal within 30 days from the entry of the order. See *Robert A. Besner & Co. v. Lit America, Inc.* (1991), 214 Ill. App. 3d 619, 623, 574 N.E.2d 703, 705-06.

In this case, the trial court denied Safeway's motion to stay the arbitration on February 19, 1991. The record shows that the arbitration hearing was held on February 21, 1991. This court's records show that Safeway filed a notice of appeal to this court on February 25, 1991, but moved to withdraw that appeal on March 22, 1991, stating that the February 19, 1991, order had become moot and that Safeway intended to file a second amended complaint including a petition to vacate the arbitration award. This court granted Safeway's motion without prejudice on April 1, 1991.

■■ An appellant has the right to voluntarily dismiss or withdraw an appeal before a decision on the merits; the effect of the dismissal

is to leave the parties where they were before the appeal was brought. (See *People ex rel. Waite v. Bristow* (1945), 391 Ill. 101, 112-13, 62 N.E.2d 545, 550.) As Safeway is put in the position it was in before filing the interlocutory appeal, the appeal of the February 19, 1991, order is untimely.

## II

We now turn to Safeway's appeal of the order entered on May 22, 1991. The trial court dismissed Safeway's second amended complaint to stay arbitration. Nothing in the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1989, ch. 10, par. 101 *et seq.*) (Act) allows a party to make more than one application to the trial court for relief with respect to the propriety of staying or compelling arbitration. (*Robert A. Besner & Co.*, 214 Ill. App. 3d at 624, 574 N.E.2d at 706.) However, the character of the pleading is to be determined from its content, rather than its title. (*Robert A. Besner & Co.*, 214 Ill. App. 3d at 625, 574 N.E.2d at 707.) In this case, Safeway's second amended complaint sought to have the trial court vacate the arbitration award and order a second arbitration. Accordingly, it would appear that the second amended complaint is better characterized as a motion to vacate the arbitration award.

The issue is whether the trial court erred in dismissing Safeway's second amended complaint. A trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504, 565 N.E.2d 654, 657.) On appeal, this court will take all well-pleaded facts as true, but will disregard mere conclusions of law or fact unsupported by the facts alleged. (See *Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.* (1991), 218 Ill. App. 3d 383, 389, 577 N.E.2d 1344, 1349.) We may affirm the dismissal of the claim on any legally valid basis appearing in the record. *Natural Gas Pipeline Co. of America v. Phillips Petroleum Co.* (1987), 163 Ill. App. 3d 136, 142, 516 N.E.2d 527, 531.

■ Section 12 of the Act provides:

"(a) Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing contrary to the provisions of Section 5, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in the proceedings under Section 2 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by the circuit court is not ground for vacating or refusing to confirm the award." Ill. Rev. Stat. 1989, ch. 10, par. 112(a).

Initially, we note that Safeway's second amended complaint does not expressly allege any of the statutory grounds for vacatur. Rather, Safeway alleges that the AAA and Gogins violated the "custom and practice" of the AAA in refusing to voluntarily arrest the proceedings. Safeway does not raise this argument on appeal, thereby waiving it. Moreover, the record does not indicate that Safeway cited any authority for the proposition that a violation of AAA customs is sufficient grounds for staying an arbitration or vacating an arbitration award.

In contrast, Safeway claims on appeal that there are three statutory grounds for vacating the award. These contentions actually appear to be three ways of making the same objection raised in the earlier motions to stay arbitration, i.e., that the administration of this case, including the appointment of the arbitrator, could not proceed because Hamilton did not give his sworn statement before filing his demand for arbitration. As this basic contention is alleged in the second amended complaint, we address each of Safeway's arguments in turn.

## A

■ Safeway argues that the arbitrator exceeded his powers because he was not appointed in accordance with the terms of the insurance policy and the AAA Accident Claims Arbitration Rules (AAA Rules). The policy at issue provides as follows:

"PART II—UNINSURED MOTORIST COVERAGE
\*\*\*

**Arbitration.** If any person making claim hereunder and the company do not agree that both vehicle(s) and the drivers(s) of the vehicle(s) with which any person making claim has had an accident, were not covered by liability insurance at the time of

the accident, or do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured or damage to a vehicle described in the policy or do not agree to the amount payable hereunder, then these matters shall be submitted to arbitration. Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the two arbitrators shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request either party may request that the matter be submitted to the American Arbitration Association. ***
***

## CONDITIONS
***

### 6. Action Against Company ***

Parts II, III, IV and V. No action shall lie against the company unless, as a precedent thereo [sic], there shall have been full compliance with all terms of this policy ***.

* * *

### 9. Proof of Claim: Medical Report—Part II and III. *** The insured and every other person making claim shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required."

The AAA Rules provide in relevant part as follows:

### "1. Agreement of Parties

The parties make these rules a part of their arbitration agreement whenever a policy of insurance or applicable insurance-department regulation provides for arbitration by the American Arbitration Association (AAA) in connection with a dispute involving a motor-vehicle liability claim. These rules and any amendment of them shall apply in the form obtaining at the time of the arbitration is initiated, except for any such provision that may be inconsistent with the arbitration agreement or with applicable law.

* * *

### 4. Initiation under an Arbitration Provision in a Policy

When the conditions precedent contained in the insurance policy or state insurance-department regulation have been complied with, arbitration shall be initiated by filing a written De-

mand for Arbitration. The demand shall be served by US certified mail-return receipt requested. \*\*\*
\*\*\*

The AAA will acknowledge receipt of the demand to all parties. If, within thirty calendar days after acknowledgement of the demand by the AAA, the insurer moves in court to contest coverage, applicable policy limits, or the stacking of policy coverage, administration will be suspended until such issues are decided.
\*\*\*

Unless there is (1) an agreement to submit such issues to voluntary coverage arbitration, (2) a motion to contest coverage, applicable policy limits, or the stacking of policy coverage made within thirty days after acknowledgement of the demand by the AAA, or (3) a court order staying arbitration, the AAA will proceed with the administration of the case.
\* \* \*

8. Designation of Arbitrator

Unless applicable law or the agreement of the parties provides otherwise, the dispute shall be determined by one arbitrator, except as otherwise provided in this section. The AAA will submit a list of nine members of the Accident Claims Panel from which each party shall have the right to strike up to two names on a peremptory basis, within twenty days of the AAA's submission of the list. The AAA will appoint the arbitrator from among the remaining names."

Safeway primarily relies on *Emcasco Insurance Co. v. Alvarez* (1969), 110 Ill. App. 2d 307, 249 N.E.2d 190. In *Alvarez*, which involved a similar "sworn statement" condition, the insurer filed for a declaratory judgment that the insured's failure to meet the condition was a breach of the policy and the insureds were not entitled to coverage of their uninsured motorist claim. (*Alvarez*, 110 Ill. App. 2d at 310, 249 N.E.2d at 191.) The trial court entered orders requiring the insureds to submit to an examination and later granting relief to the insurer when the insureds failed to comply with the first order. (*Alvarez*, 110 Ill. App. 2d at 311-12, 249 N.E.2d at 191-92.) This court affirmed on appeal, stating in part that the examination provision was a condition precedent to enforcement of the insureds' claim that was not terminated by the filing of a demand for arbitration. (*Alvarez*, 110 Ill. App. 2d at 314, 249 N.E.2d at 193.) This court also stated that the insurer's declaratory judgment action basically presented an issue of cover-

age and did not supplant an existing remedy or other appropriate action. *Alvarez*, 110 Ill. App. 2d at 314, 249 N.E.2d at 193.

Although the policies appear to be similar, *Alvarez* is distinguishable from this case. *Alvarez* focused on the insurer and insured and is silent regarding the AAA Rules. Here, Safeway claims on appeal that the AAA and AAA personnel violated AAA Rules 1 and 4 by proceeding with administration of the arbitration after being informed that a condition precedent had not been met by the insured. Yet the AAA Rules do not indicate that the AAA will suspend administration of an arbitration simply because the insurer believes that the insured has filed a demand without meeting a condition precedent. To the contrary, Rule 4 expressly states that administration will proceed unless there is an agreement to submit such issues to voluntary coverage arbitration, a motion to contest coverage, applicable policy limits, or the stacking of policy coverage made within 30 days after acknowledgement of the demand by the AAA or a court order staying arbitration.

In this case, Safeway does not allege in its second amended complaint that there was a voluntary agreement to submit the issue to voluntary arbitration. Nor does the record indicate that Safeway moved in court to contest coverage within 30 days of the AAA letter acknowledging the demand for arbitration. Nor had the trial court entered a stay of arbitration. Consequently, the AAA and its personnel proceeded to the appointment of an arbitrator in accord with Rule 8.

Safeway responds that pursuant to AAA Rule 1, the terms of the Safeway policy control over the AAA Rules and that the policy provides that there can be no arbitration without meeting the conditions precedent. Yet Safeway relies heavily on *Alvarez*, in which this court indicated that whether the "sworn statement" condition has been met is basically an issue of coverage. (*Alvarez*, 110 Ill. App. 2d at 314, 249 N.E.2d at 193.) Absent an agreement between the parties to the contrary, the issue of whether there is an agreement to arbitrate and issues of coverage under an uninsured motorist provision are generally questions of law outside the authority of an arbitrator that must be determined by the trial court. (See, *e.g.*, *Elliot v. Inter-Insurance Exchange of the Chicago Motor Club* (1988), 169 Ill. App. 3d 702, 707, 523 N.E.2d 1086, 1090; *Allstate Insurance Co. v. Elkins* (1978), 63 Ill. App. 3d 62, 64-65, 381 N.E.2d 1, 3, *aff'd* (1979), 77 Ill. 2d 384, 396 N.E.2d 528; see also *State Farm Fire & Casualty Co. v. Yapejian* (1992), 152 Ill. 2d 533, 539, 605 N.E.2d 539, 542-43 (Illinois Insurance Code does not mandate arbitration of coverage questions).) As the AAA and Gogins lacked the authority to decide the issue in this instance, their adherence to Rule 4 was not inconsistent with the Safe-

way policy in violation of Rule 1. Safeway argues that it should not be required to obtain a judicial determination of whether the condition precedent was met. Yet this is exactly what the insurer in *Alvarez* did. It is also what the AAA Rules and cases such as *Elliot* and *Elkins* required in this instance.

Safeway points out that Hamilton agrees that the sworn statement was a condition precedent to coverage. However, this statement on Hamilton's behalf appears in Hamilton's appellate brief; Safeway identifies no portion of the record where Hamilton admitted this to the trial court or the AAA. Moreover, Safeway has failed to show or allege that such agreement would require the AAA or its personnel to completely halt the proceedings.

Accordingly, we conclude that defendant has failed to allege or show that Gogins and the AAA acted in violation of the policy terms or the AAA Rules. Consequently, defendant has failed to show that the second amended complaint states a claim for which relief may be granted in this regard.

### B

■ Safeway also contends that the award was procured by "undue means." This term has been construed to mean something akin to fraud or corruption. (*Drinane v. State Farm Mutual Automobile Insurance Co.* (1991), 222 Ill. App. 3d 805, 810, 584 N.E.2d 410, 414, *aff'd* (1992), 153 Ill. 2d 207, 606 N.E.2d 1181.) Safeway has failed to cite any authority that the administration of prehearing proceedings prior to the satisfaction of the sworn statement requirement is fraudulent or corrupt. Nor did Safeway allege fraud or corruption on the part of Gogins, the AAA or the arbitrator. *Calabrese v. State Farm Mutual Automobile Insurance Co.* (1989), 187 Ill. App. 3d 349, 543 N.E.2d 215, which Safeway cited in support of its arguments, involved a complaint for vacatur of an arbitration award alleging a substantial relationship between the arbitrator and one of the parties should not have been dismissed for failure to state a claim. (See *Calabrese*, 187 Ill. App. 3d at 351-52, 543 N.E.2d at 216-17.) No such allegations are made here. Accordingly, defendant has failed to show that the trial court erred in dismissing the second amended complaint in this regard.

### C

■ Finally, Safeway contends that there was no agreement to arbitrate before a sworn statement was given. Assuming *arguendo* that this is true, it would be a necessary but not sufficient condition to va-

catur. Section 12 requires that a party seeking vacatur show not only that there was no arbitration agreement, but also that the issue was not adversely determined in the proceedings under section 2 and that the party did not participate in the arbitration hearing without raising the objection. (See Ill. Rev. Stat. 1989, ch. 10, par. 112(a)(5).) In this case, the record shows that Safeway moved to stay arbitration on the ground that there was no agreement to arbitrate before the sworn statement was given. The record also shows that this motion was denied. The issue was thus decided adversely to Safeway in proceedings under section 2 and cannot be a basis for vacatur in this case.

Of course, Safeway maintains that the trial court erred in failing to stay the arbitration on February 19, 1991. As noted above, the appeal of the February 19, 1991, order is untimely. Nevertheless, this court could reverse the order if it were in error and would adversely affect Safeway's rights by way of *res judicata*. (*Kohan v. Rimland School for Autistic Children* (1981), 102 Ill. App. 3d 524, 430 N.E.2d 139.) However, Safeway cannot meet this standard in this case, particularly where Safeway alleged that the arbitrator was not made aware of the dispute; Safeway failed to allege any misconduct on the part of the arbitrator; and the transcript shows that the parties informed the trial court that the sworn statement had been taken before Safeway filed its initial complaint to stay arbitration.

For all of the aforementioned reasons, we dismiss the appeal of the February 19, 1991, order of the circuit court of Cook County, and affirm the judgment of the circuit court of Cook County as to the order of May 22, 1991.

Dismissed in part; affirmed in part.

MANNING, P.J., and O'CONNOR, J., concur.