LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, *v.* FRED A. DURAY, Defendant-Appellee.

(No. 54632;

First District—April 6, 1972.

Jack L. Watson, of Schaffenegger & Watson, of Chicago, for appellant.

George F. Archer and Lawrence P. Hickey, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court granting defendant Duray's motion to dismiss plaintiff Liberty Mutual's complaint for declaratory judgment and a subsequent order refusing to vacate the order of dismissal. The trial court ruled favorably upon defendant's motion on the basis that a previous order of the Circuit Court, denying plaintiff's petition to stay arbitration, was *res judicata* of the matters raised in the complaint for declaratory judgment. Plaintiff argues on appeal that the denial of its petition to stay arbitration was not a bar to its suit for declaratory judgment. Plaintiff argues on appeal that the denial of its petition to stay arbitration was not a bar to its suit for declaratory judgment, and furthermore, that its complaint states a good cause of action.

We affirm.

Duray was injured by a racing car driven by one Mark Perrin who was racing at the Rockford Speedway, at which Duray was a spectator. Perrin was uninsured, and consequently Duray filed a "Demand for Arbitration" pursuant to the uninsured motorist provision of the insurance policy issued by Liberty Mutual Insurance Company, under which he was an insured. Liberty Mutual thereafter filed an answer and an objection to hearing locale, both of which were denied by the American Arbitration Association. Liberty Mutual then filed in the Circuit Court a petition to stay arbitration which reads in relevant part as follows:

"4. That Petitioner denies that the alleged uninsured motorist was operating a 'highway vehicle' as defined in the aforementioned policy at the time of the occurrence complained of.

5. That the dispute is one of policy construction.

6. That coverage questions are not arbitrable under the arbitration clause of said policy.

7. That only the issues of liability and damages are the subject of arbitration.

WHEREFORE, your Petitioner LIBERTY MUTUAL INSURANCE COMPANY prays the Court for an Order staying the arbitration proceedings now pending before the American Arbitration Association under their No. 51 20 0206 67."

Duray filed a motion to dismiss this petition, and Liberty Mutual

answered the motion to dismiss. On August 1, 1967, the following order was entered by the Circuit Court:

"The matters having been heard before this court, the court having jurisdiction thereof and being fully advised in the premises.

IT IS HEREBY ORDERED that the Petition to Stay Arbitration filed herein by Liberty Mutual Insurance Co. is hereby denied."

No appeal was ever taken from this order.

On December 14, 1967, Liberty Mutual filed its complaint for declaratory judgment in the Circuit Court requesting that the court consider and adjudicate the question of coverage. This action was dismissed on the ground that the order of August 1 was *res judicata* of the issues raised. Liberty Mutual then filed a motion to vacate this order of dismissal which was denied.

Liberty Mutual begins its argument by urging that questions of coverage are matters of law and not properly subject to arbitration. It alleges that it only agrees to arbitrate the issues of liability and damages when its insured is injured by an uninsured motorist driving a "highway vehicle." Liberty Mutual further alleges that there is an issue of fact as to whether the vehicle driven by Perrin was a "highway vehicle" under the terms of the policy, and that such an issue is properly decided by a court of law since it goes to the heart of whether or not there is an argument to arbitrate. The case of *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill.2d 91, 242 N.E.2d 149 is cited as authority for this argument.

The *Flood* case stands for the proposition that matters of coverage are not subject to arbitration. However, in *Flood* the court was considering an appeal from the denial of Country Mutual's petition for stay of arbitration. In the case at bar, we are not being asked to rule upon the correctness of the August 1 order dismissing Liberty Mutual's petition to stay arbitration, but rather we are requested to rule on the validity of the separate order dismissing Liberty Mutual's later complaint for declaratory judgment on the basis that the August 1 order was *res judicata* of the issues raised in the complaint.

The petition to stay arbitration was brought under Section 2(b) of the Uniform Arbitration Act (Ill. Rev. Stat. 1969, ch. 10, par. 102(b)) which states:

"(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. That issue, when in substantial and *bona fide* dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration."

In order to determine whether an agreement to arbitrate existed between the parties at bar, the court before which this action was brought would have had to determine the issue of coverage. If there was coverage under the policy, then arbitration should have proceeded. Liberty Mutual argues that the issue it presented to the Circuit Court was limited to the question of whether the Circuit Court would take jurisdiction in the dispute over the interpretation of the insurance policy. The inarticulated presumption here is that the section of the Uniform Arbitration Act invoked in the petition to stay arbitration authorizes the court to do no more than freeze the *status quo* of the parties while the petitioning party determines whether to bring an action for declaratory judgment or some other remedy in which the substantive issue of the availability of arbitration can be decided.

■■ We do not find this to be the case. The statute provides that when the existence of an agreement to arbitrate comes into issue, it "* * * shall be forthwith and summarily tried and the stay ordered if found for the moving party." Thus, once the issue is raised in the pleadings, the statute provides for substantive disposition by the court *prior* to the issuance of the stay order.

■■ Liberty Mutual's attempt to limit the issue raised in its petition to stay arbitration was without effect, for when *res judicata* was pleaded as a bar to the complaint for declaratory judgment, it was not only a bar to the particular issue raised by Liberty Mutual in the petition to stay arbitration, "but to every point which properly belongs to the subject of litigation, and which the parties, exercising a reasonable degree of diligence, might have brought forward in time." *Howard T. Fisher & Asso. Inc. v. Shinner Realty Co.* (1960), 24 Ill.App.2d 216, 223, 164 N.E.2d 266, 270; *Prochotsky v. The Union Central Life Ins. Co.* (1972), 2 Ill. App.3d 354.

This rule has evolved not only to assure litigants of an eventual termination of their lawsuits, but also to prevent the collateral impeachment of court rulings. Although Liberty Mutual complains that the court considering its petition to stay arbitration refused to hear evidence on its policy defenses, its remedy was to appeal that court's adverse decision, not to seek a more favorable forum in which to litigate the same matter.

■■ The propriety of the August 1 order is not before this court. The issue before us is whether *res judicata* was properly raised as a basis to dismiss Liberty Mutual's complaint for declaratory judgment, and we find that it was.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.