ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee, *v.* HELEN F. ELKINS, Defendant-Appellant.

First District (1st Division) No. 77-1119

Opinion filed August 7, 1978.

John C. Ambrose, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Thomas M. Hamilton, Jr., and Stanley J. Davidson, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Helen Elkins filed a claim under the uninsured motorist provision of her husband's insurance policy for injuries sustained in an

automobile accident caused by her husband's negligent driving. Under the policy, all claims involving the uninsured motorist provision were to be submitted to an arbitrator.

While the arbitration proceeding was pending, plaintiff Allstate Insurance Company filed a suit for declaratory judgment, seeking an adjudication that interspousal immunity barred defendant from recovering. The trial court concurred with the arbitrator's decision that had been rendered in the interim, holding that interspousal immunity barred defendant from recovering. Defendant's daughter, who was also injured, was allowed to recover, however. Defendant appeals.

On appeal, defendant argues that the trial court erred in holding (1) that defendant is bound by the arbitrator's award for failing to challenge it within 90 days and (2) that interspousal immunity precludes defendant from recovering under the uninsured motorist provision of her husband's insurance policy.

We reverse and remand with directions.

On May 5, 1974, defendant Helen Elkins was injured while riding in an automobile driven by her husband, Dorsey Elkins. Also injured was their minor daughter, Beverly. The injuries arose when Dorsey negligently caused his car to collide with an auto driven by Donald Brown, who was also insured.

Dorsey had automobile insurance with plaintiff Allstate Insurance Company. While coverage extended to all members of the Elkins family, Dorsey was the named insured. Contained in the policy was an uninsured motorist provision which provided:

> "Allstate will pay all sums which the insured * * * shall be *legally entitled* to recover as damages from the owner or operator of an uninsured automobile * * * caused by accident and arising out of the * * * use of such uninsured automobile* * *." (Emphasis added.)

However, excluded from liability protection was:

> "bodily injury to any person who is related by blood, marriage, or adoption to an insured against whom a claim is made if such person resides in the same household as such insured."

Both parties agree that the effect of this exclusion is to remove liability coverage when the injured person is a member of the insured's family, thus making the insured "uninsured" with respect to family members. This being so, defendant and Beverly Elkins filed a claim under the uninsured motorist provision of the Allstate policy for injuries suffered as a result of the automobile accident.

The policy provided that uninsured motorist claims be submitted to an arbitrator. The case was submitted and while it was still pending, plaintiff Allstate filed a suit for declaratory judgment on October 8, 1975. The suit

sought an adjudication that Illinois interspousal immunity (Ill. Rev. Stat. 1975, ch. 68, par. 1) precluded defendant from recovering for injuries caused by her husband's negligence.

On October 17, 1975, the arbitrator issued his decision. He found that defendant was injured to the extent of $18,500 and that Beverly Elkins was injured to the extent of $1,300. He then awarded Beverly $1,300 but declined to award defendant anything, believing that interspousal immunity precluded her from being "legally entitled" to recover, as required under the uninsured motorist provision.

On January 12, 1976, plaintiff moved the court in which the declaratory judgment was pending, for an order staying the arbitration proceeding on the grounds that those proceedings were attempting to resolve policy and coverage issues reserved for the courts. The motion was denied because the arbitration proceedings were concluded.

No activity occurred with regard to the suit for declaratory judgment until April 4, 1977, when defendant moved for a summary judgment. Plaintiff filed a cross-motion for summary judgment premised on defendant's failure to move to vacate or modify the arbitrator's award within 90 days, as required by sections 12 and 13 of the Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, pars. 112, 113). Plaintiff argued that this failure rendered the arbitrator's award final and barred defendant from receiving any uninsured motorist benefits.

In granting plaintiff's cross-motion for summary judgment the court held (1) that defendant was not legally entitled to recover for injuries caused by her husband's negligence and (2) that defendant's failure to file a timely motion challenging the arbitrator's decision rendered it final and binding on the parties. Defendant appealed.

Defendant first argues that the requirement that arbitration decisions be challenged within 90 days is inapplicable in this case. Defendant argues that it was not necessary to comply with the 90-day rule inasmuch as she was already involved in plaintiff's suit for declaratory judgment which was reviewing the arbitrator's decision. Complying with the 90-day rule, defendant contends, would have needlessly caused a second suit, involving the same issue and seeking the same remedy, to be filed.

While defendant proposes an interesting theory, our analysis of the case makes discussion of this point unnecessary. However, a review of relevant arbitration law is necessary.

■■ Normally, where the parties to a contract have agreed to resolve disputes through arbitration, a declaratory judgment should not be sought until after the arbitrator's decision has been rendered. (*Liberty Mutual Insurance Co. v. Duray* (1972), 5 Ill. App. 3d 187, 283 N.E.2d 58.) After all, one of the purposes of arbitration is to avoid costly and time consuming litigation. However, where the dispute involves a question of

law that is outside the authority of the arbitrator, proper resolution is made by way of declaratory judgment. One example of a question of law outside the authority of the arbitrator is whether there exists an arbitration agreement at all. *Flood v. Country Mutual Insurance Co.* (1967), 89 Ill. App. 2d 358, 232 N.E.2d 32, *rev'd on other grounds* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.

Another area of law outside the authority of the arbitrator is "coverage" disputes arising under insurance policies. In *Allstate Insurance Co. v. Johnson* (1968), 103 Ill. App. 2d 485, 243 N.E.2d 5, the trial court vacated an arbitration award that involved a coverage dispute arising under an uninsured motorist provision. The appellate court affirmed, holding that the arbitrator exceeded his authority by hearing a coverage dispute.

■■ In *Emcasco Insurance Co. v. Alverez* (1969), 110 Ill. App. 2d 307, 249 N.E.2d 190, the court held that whether the insured was precluded from receiving uninsured motorist benefits because of his refusal to submit to a physical and oral examination, was a coverage dispute. Similarly, we feel that the instant case also involves a coverage dispute-whether interspousal immunity precludes defendant from receiving benefits under the uninsured motorist provision of her husband's insurance policy. Accordingly, the arbitrator was without authority to resolve this issue and his decision concerning defendant must therefore be vacated. *Allstate Insurance Co. v. Johnson*

Defendant next argues that the trial court erred in holding that interspousal immunity bars defendant from receiving benefits under the uninsured motorist provision of his insurance policy. We agree.

In order to recover uninsured motorist benefits under the policy, it is necessary for the claimant to be "legally entitled" to recover from the operator of the uninsured automobile. Plaintiff argues that since defendant's husband was the operator of the uninsured vehicle, interspousal immunity precludes her from suing him. Therefore, plaintiff concludes that her inability to recover from him in tort bars her from recovering under the uninsured motorist provision.

In *Tallios v. Tallios* (1952), 345 Ill. App. 387, 103 N.E.2d 507, the plaintiff was injured while riding in a truck driven by her husband. At the time, her husband was driving as the agent of the defendant employer. Plaintiff alleged that her husband's negligent operation of the truck proximately caused her injuries and requested $35,000 in damages. The trial court granted defendant's motion to dismiss, concluding that since interspousal immunity barred plaintiff from suing her husband, it also barred her from suing his employer. The appellate court reversed, however, holding that the defense of interspousal immunity is personal to the husband and wife and cannot be raised by a third party.

■■ Similarly, in the instant case we do not believe that plaintiff as a third

66

party, can raise the issue of interspousal immunity in order to avoid paying defendant. The action here is directly against the insurer in contract and the incapacity of the spouses to sue in tort has no application. (See *Guillot v. Travelers Indemnity Co.* (La. App. 1976), 338 So. 2d 334; *Clement v. Atlantic Casualty Insurance Co.* (1953), 13 N.J. 439, 100 A.2d 273.) Further, allowing plaintiff to avoid paying defendant by relying on interspousal immunity would result in an illogical situation where defendant's daughter could recover, but defendant could not. .

■■ Our interpretation of the words "legally entitled to recover" is not that the insurer stands in the shoes of the uninsured motorist who is the tortfeasor. Rather, we interpret the words to mean that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages. See *Gremillion v. State Farm Mutual Automobile Insurance Co.* (La. App. 1974), 302 So. 2d 712.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

Judgment reversed; cause remanded with directions.

O'CONNOR and BUCKLEY, JJ., concur.