STUART-DEAN CO., INC., Plaintiff-Appellee, *v.* IRWIN LURIE, d/b/a Revenue Developers Company, *et al.*, Defendants-Appellants.

First District (1st Division)    No. 77-1967

Opinion filed March 12, 1979.—Modified on denial of rehearing April 16, 1979.

Scott Hodes, Fred R. Kimmel, and Bruce Wolfson, all of Arvey, Hodes, Costello & Burman, of Chicago, for appellants.

Maurice J. McCarthy, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Stuart-Dean Company, Inc., filed suit for declaratory judgment against defendants Irwin Lurie and Revenue Developers

Company for breach of contract. Under the agreement, defendant Irwin Lurie was to promote plaintiff's business interests in the Chicago area. Defendants filed motions to compel arbitration and to dismiss the complaint. The motions were denied and defendants appealed. On appeal, defendants argue that the cause should have proceeded to arbitration since questions relating to breach of contract were within the scope of the arbitration clause.

We reverse and remand with directions.

In March of 1969, plaintiff Stuart-Dean Co., Inc., a New York corporation, entered into an agreement with defendant Irwin Lurie. Under the terms of the agreement, defendant Lurie was to promote plaintiff's business in the Chicago area. In return, Lurie was to receive a percentage of plaintiff's gross volume of business.

On April 4, 1969, one month after the formation of the agreement, defendant Lurie formed defendant Revenue Developers Company, Inc., an Illinois corporation. Nearly three years later, on February 4, 1972, plaintiff informed defendant Revenue Developers by letter that since it had failed to produce any new business, plaintiff considered the agreement terminated. Plaintiff received no response to this letter. However, on November 5, 1976, plaintiff did receive a letter on defendant Revenue Developers' behalf, that attempted to initiate arbitration between the parties. The offer of arbitration was made pursuant to a provision in the agreement that stipulated that "all disputes" were to be resolved through arbitration. Subsequently, on March 28, 1977, plaintiff filed a suit for declaratory judgment seeking a determination that defendants had either breached or abandoned the contract. Plaintiff also sought an award of money damages in the amount of $50,000. Defendants countered by filing a motion to compel arbitration and to dismiss the complaint. In denying defendants' motion, the trial judge stated:

> "THE COURT: Thank you, gentlemen. I have had the opportunity to review your respective pleadings in this matter. It seems to me that when the matter comes before the Court on a Motion to Dismiss, the rules are quite clear, that all facts are well pleaded, true and correct. I have considered the arbitration clause in this case. It seems to me that the language in the arbitration clause relates specifically and only to disputes and does not address itself to breaches. And for that reason, Counsel's motion to dismiss will be denied."

On appeal, defendants argue that the trial court erroneously denied their motion to compel arbitration since the issues of breach of contract and damages were intended by the parties to be within the scope of the arbitration clause.

■■ The agreement contained an arbitration provision for "any dispute" that might "arise under [the] agreement * * *." In *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, 156, 215 N.E.2d 25, 31, the court noted that "The sole issue under the Act [Illinois Uniform Arbitration Act, Ill. Rev. Stat. 1977, ch. 10, par. 101 *et seq.*] on the preliminary hearing to compel or stay arbitration, is whether there is an agreement to arbitrate. If so, the court should order arbitration; if not, arbitration should be refused." In the instant case, no one disputes the existence of the arbitration clause pertaining to "any dispute." Under *DelBianco*, the trial court should have ordered arbitration. Whether the alleged breach of the agreement and the resulting damages are within the scope of the arbitration clause is for the arbitrator to decide. (*Butler Products Co. v. Unistrut Corp.*, 367 F.2d 733 (7th Cir. 1966).) We therefore reject plaintiff's theory that the agreement and arbitration clause were terminated by defendants' alleged breach, as distinguished from a dispute, so that this matter is properly before the court for decision without arbitration. If such were the case, one could avoid complying with arbitration clauses by merely alleging that the other party breached or repudiated the contract. Such a result is contrary to the purpose of the Uniform Arbitration Act. *General Atomic Co. v. Commonwealth Edison Co.* (1976), 37 Ill. App. 3d 716, 346 N.E.2d 437.

■ Accordingly, for the foregoing reasons the order of the circuit court of Cook County is reversed and the cause remanded with directions that it proceed to arbitration and further, that proceedings in this cause be stayed pending determination by the arbitrator.

Order reversed; cause remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.