CHARLES ELLIOTT *et al.*, Plaintiffs-Appellants, v. INTER-INSURANCE EXCHANGE OF THE CHICAGO MOTOR CLUB, Defendant-Appellee.

First District (5th Division) No. 87—882

Opinion filed April 29, 1988.

Brunswick & Keefe, of Blue Island (Ellen J. Bennett, of counsel), for appellants.

Christine E. Smith and John J. O'Connor, both of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiffs, five members of the Elliott family, from a grant of summary judgment in favor of defendant, Inter-Insurance Exchange of the Chicago Motor Club, on one count (count I) of a three-count complaint. This cause of action arose out of collision between plaintiffs' automobile and a vehicle driven by an alleged uninsured motorist. On August 8, 1981, when the accident occurred, the injured plaintiffs were covered by an insurance policy that included uninsured motorist coverage issued by defendant.

In February 1984, plaintiffs filed their three-count complaint against defendant. They sought a declaratory judgment in count I, alleging that after plaintiffs had fully complied with the terms of the insurance contract, defendant refused to settle their accident claim in response to repeated demands to do so. Plaintiffs further alleged that defendant requested them to file a lawsuit against the uninsured motorist. Plaintiffs did file suit and received default judgments in October 1983 in the aggregate of $215,000. Plaintiffs claimed that defendant refused to compensate them for the judgments as requested under the uninsurance provisions of their policy and that such refusal was a breach of contract. Plaintiffs requested the court to declare defendant

liable for that portion of the judgments covered under the policy. Count II alleged bad-faith conduct by defendant for failure to give plaintiffs written consent to sue the tortfeasor and vexatious and unreasonable conduct in refusing to process their claim. Count III alleged a class action against defendant on behalf of persons similarly situated to plaintiffs.

Defendant filed a motion to strike in lieu of answer asserting, among other things, that the dispute was arbitrable pursuant to the policy's arbitration clause. The trial court ordered defendant to answer. In August 1984, defendant answered, denying knowledge that the other driver was uninsured and asserting affirmative defenses, including a policy clause that required written consent by the insurer to any lawsuit against a tortfeasor by the insured before the insurer could be bound by any resulting judgment. The arbitration clause of the policy was also asserted as a defense. That clause provided that if the insurer and insured do not agree concerning the claimant's legal entitlement to damages or to the amount thereof, either party may make written demand for arbitration and the dispute shall then be settled by arbitration in accordance with the rules of the American Arbitration Association. Defendant also filed a two-count counterclaim for a declaratory judgment asserting that the tortfeasor was not an uninsured motorist, and also that plaintiffs breached the insurance contract. As part of their response to defendant's counterclaim, plaintiffs set forth the affirmative defenses of *laches* and estoppel.

After the subsequent filing of many motions and pleadings, defendant filed a demand for arbitration in February 1985, requesting resolution of the disputes over liability and the alleged injuries and damages. In opposition to the motion, plaintiffs argued that the issues of liability and damages had already been determined by the judgments and that, in any event, defendant had waived arbitration. In July 1985, the trial court granted plaintiffs' motion to stay arbitration. After the demand for arbitration, plaintiffs filed a complaint in the United States District Court under the Racketeering Influenced and Corrupt Organizations Act (18 U.S.C. §1961 *et seq.* (1984)) containing many of the same allegations as those in the complaint in the present case. (*Elliott v. Chicago Motor Club* (N.D. Ill. May 2, 1986), No. 85C—03180 (memorandum opinion), *aff'd on other grounds* (7th Cir. 1986), 809 F.2d 347.) In May 1986, the district court dismissed the complaint with prejudice.

In the present case, cross-motions for summary judgment were filed and a hearing was held in October 1986. At the hearing, the trial court noted that the question of whether the tortfeasor was uninsured

had not been determined, and further, that the court was not concerned with the arbitration issue until after it had determined whether the provisions of the policy's judgment consent clause had been met or waived. In February 1987, the trial court issued a memorandum opinion and a subsequent order granting summary judgment in defendant's favor as to count I of plaintiffs' complaint, *i.e.*, no breach of contract by defendant for failure to pay the judgments under the policy. The court expressly found that there was no waiver by defendant and that it was not bound by the judgments because no written consent for suit had been given. The court further stated that there was no vehicle left to plaintiffs to recover damages except by arbitration. In so holding, the court relied on the case of *Feerer v. North River Insurance Co.* (1981), 102 Ill. App. 3d 1042, 430 N.E.2d 36. The court also vacated that portion of an October 1986 order that had granted summary judgment for defendant on count II of its countercomplaint and transferred the matter to the law division for trial on issues raised therein, *i.e.*, whether there was an uninsured motorist, the arbitration issue, and whether plaintiffs had breached the contract.

Plaintiffs appealed from the granting of summary judgment to defendant on count I of their complaint, which order was made final and appealable. Although this appeal only involves count I, it is necessary to discuss certain intertwined issues raised in the other counts of both parties' pleadings.

On appeal, plaintiffs contend that defendant cannot rely on the judgment consent clause because it is estopped as a result of its bad-faith conduct in refusing to give written consent. Plaintiffs also argue that defendant has waived its right to arbitration because of its wrongful and vexatious conduct.

■ Under Illinois law, both estoppel and waiver must be affirmatively pleaded or they are waived. (*Dayan v. McDonald's Corp.* (1984), 125 Ill. App. 3d 972, 466 N.E.2d 958.) A defense not properly pleaded is deemed waived although it may appear to be within the evidence. (*M. Loeb Corp. v. Brychek* (1981), 98 Ill. App. 3d 1122, 424 N.E.2d 1193.) Here, plaintiffs did not plead estoppel or waiver in count I of their complaint although they did raise the doctrines as affirmative defenses to defendant's counterclaim, which claim is not before this court. Moreover, defects in pleadings cannot be cured by argument. (*Burnett v. Donath* (1984), 127 Ill. App. 3d 131, 468 N.E.2d 501.) These rules regarding the doctrines of estoppel and waiver apply to situations in which a plaintiff raises the defenses in his pleadings as well as when they are asserted as affirmative defenses by a defend-

ant. *Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 504 N.E.2d 193.

■ However, affirmative defenses may be raised in a motion for summary judgment even though they were not raised in the pleadings. (*Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 447 N.E.2d 1358.) In the case at bar, plaintiffs did not raise the defenses in their summary judgment motion. However, it has been held that the issue of failure to plead the defenses of estoppel and waiver may be waived by the defendant's failure to object when the defenses were raised in a plaintiff's answer to the defendant insurer's summary judgment. *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.

In the present case, plaintiffs' response to defendant's summary judgment motion was entitled, "Plaintiffs' Memorandum In Support of Their Reply to Response to Plaintiffs' Motion for Summary Judgment and Plaintiffs' Response to Defendant's Motion for Summary Judgment." The text of this reply is as jumbled as its title, and basically asserts, with respect to plaintiffs' count I, that the issues to be determined are whether there was an uninsured motorist, plaintiffs' compliance with the policy terms, defendant's improper withholding of written consent to sue, and whether the arbitration clause precludes this action. Defendant replied to this response contending that it did not specifically address the issue in defendant's motion for declaratory judgment as to count I, *i.e.*, whether the insurer was liable under the policy for the judgments in plaintiffs' favor under a breach of contract theory. Defendant also objected to the filing of purported joint pleadings. Plaintiffs have consistently filed pleadings that combined the distinct and separate issues pleaded in count I and count II in a multifarious manner.

■ It is clear that plaintiffs' count I, which is the only complaint before this court, requested only a declaration that defendant breached the policy for not paying the judgments received by plaintiffs. There is no mention of lack of written consent, bad faith, estoppel, or waiver, nor was plaintiffs' complaint amended to conform to their arguments, which they had a right to do even after entry of summary judgment. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) Accordingly, since these issues have not been properly raised as to count I, they are not properly before this court for review.

■ In any event, the trial court properly found that the judgment awards are not binding on defendant on the basis that no consent to sue was given by the insurer. Defendant asserted the policy arbitration clause as a defense to plaintiffs' complaint. Under the Uni-

form Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 101 *et seq.*), the court is the appropriate tribunal to determine questions involving the *res judicata* and/or collateral estoppel effect of a prior adjudication award. (*Monmouth Public Schools, District No. 38 v. Pullen* (1985), 141 Ill. App. 3d 60, 489 N.E.2d 1100.) Moreover, where parties have contracted to resolve insurance policy disputes through arbitration, a declaratory judgment should not be sought until after arbitration unless the dispute involves the question of whether a valid arbitration agreement exists and, if so, whether the disputed issue is arbitrable. *Allstate Insurance Co. v. Elkins* (1978), 63 Ill. App. 3d 62, 381 N.E.2d 1, *aff'd* (1979), 77 Ill. 2d 384, 396 N.E.2d 528.

 █ The Uniform Arbitration Act does not control which issues are subject to arbitration; that is governed by the arbitration agreement between the parties. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.) And, whether a dispute is within the scope of an arbitration clause should be determined at the earliest possible moment and such determination is controlled by judicial guidelines. *Farris v. Hedgepeth* (1978), 58 Ill. App. 3d 1040, 374 N.E.2d 1086.

The arbitration agreement in the present case provides that disputes regarding liability or amount of damages shall be arbitrated upon written demand of either party. Defendant has demanded arbitration. Our supreme court has held that under such an agreement, the threshold question of coverage is to be determined by the court. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.) Defendant has asserted that the other driver involved in plaintiffs' accident was not an uninsured motorist. Clearly, whether he was an insured driver is relevant to the issue of coverage and must be determined by the trial court before arbitration can proceed. (See *Clark v. Country Mutual Insurance Co.* (1985), 131 Ill. App. 3d 633, 476 N.E.2d 4.) Moreover, the question as to whether defendant waived arbitration should also be determined by the court and, in this case, the court expressly found that there was no waiver.

The object of arbitration is to achieve final disposition of disputes in an easier, more expeditious, and less expensive manner than by litigation; it is the favored method of settling disputes. (*Board of Trustees v. Cook County College Teachers Union, Local 1600* (1981), 102 Ill. App. 3d 681, 430 N.E.2d 249.) The legal maneuverings in the case before us appear to be in contravention of this policy, especially since the accident underlying this dispute occurred more than six years ago. We agree with the district court which, in dismissing plaintiffs' Federal lawsuit, stated that plaintiffs' actions in both State and Federal

courts "seem to consist of herculean efforts to avoid arbitration, the statutory method of dispute resolution." (*Elliott v. Chicago Motor Club* (N.D. Ill. May 2, 1986), No. 85C—03180, memorandum opinion at 9, *aff'd on other grounds* (7th Cir. 1986), 809 F.2d 347.) In other words, one cannot avoid compliance with an arbitration clause by merely alleging that the other party breached the contract. See *Stuart-Dean Co. v. Lurie* (1979), 69 Ill. App. 3d 844, 388 N.E.2d 118.

In conclusion, we affirm the trial court's grant of summary judgment for defendant on count I for the above reasons and remand the cause to the trial court for further proceedings.

Affirmed and remanded.

SULLIVAN and PINCHAM, JJ., concur.