FRED    LITTLE,    Plaintiff-Appellant,    v.    ECONOMY    PREFERRED INSURANCE COMPANY, Defendant-Appellee.

Fifth District    No. 5—95—0698

Opinion filed January 31, 1997.

MAAG, J., specially concurring.
GOLDENHERSH, J., dissenting.

Mark D. Prince, of Hughes & Associates, of Carbondale, for appellant.

Stephen W. Stone, of Brandon & Schmidt, of Carbondale, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

Plaintiff, Fred Little, appeals from the Jackson County circuit court's order granting summary judgment in favor of defendant, Economy Preferred Insurance Co. (Economy). The issue we consider on appeal is whether Economy is entitled to raise during arbitration the issue of the contributory negligence of plaintiff. We affirm the trial court's finding that plaintiff's contributory negligence should be considered in determining what plaintiff is legally entitled to recover.

Plaintiff was injured in an automobile accident on March 26, 1992, with an underinsured driver. Plaintiff settled his cause of action against the underinsured driver for the limit of the policy, $50,000, and then filed a timely claim for underinsured motorist benefits under his policy of insurance with Economy. Plaintiff demanded arbitration of his claim.

Before the arbitration hearing, Economy informed plaintiff of its intention to assert the defense of plaintiff's contributory negligence for the injuries he sustained in the automobile accident. In response, plaintiff filed a complaint for declaratory judgment, claiming that Economy was not entitled to assert the defense of plaintiff's contributory negligence. Plaintiff alleged in his complaint for declaratory judgment that the defense of contributory negligence is personal to the underinsured driver and, therefore, not available to Economy and that plaintiff's claim against Economy is a contractual dispute in which the tort defense of contributory negligence is not allowed. The trial court rejected plaintiff's argument, denied plaintiff's motion for summary judgment, and entered summary judgment in favor of Economy.

The policy of automobile insurance Economy issued to plaintiff contains the following pertinent provision:

> "We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an *** underinsured motor vehicle."

Plaintiff argues that his right of recovery exists only as a result of the above contract language and that Economy has no right to assert the tort defense of contributory negligence. In support of this argu-

ment, plaintiff relies upon *Allstate Insurance Co. v. Elkins*, 77 Ill. 2d 384 (1979).

In *Elkins*, the supreme court determined that the defense of interspousal tort immunity could not be used by an insurance company to defeat an uninsured motorist's claim, as the defense is personal to each spouse and may only be used or waived by a spouse, not by an insurance company. Plaintiff argues that the defense of interspousal tort immunity is similar to the defense of contributory negligence and that Economy should not be allowed to assert the tort defense of contributory negligence in order to defeat plaintiff's contractual underinsured motorist claim. We disagree. The defense of interspousal tort immunity is an affirmative defense which, if not waived, may allow a spouse to move for dismissal of a cause of action brought by the other spouse. *Wirth v. City of Highland Park*, 102 Ill. App. 3d 1074, 1081 (1981); 735 ILCS 5/2—619 (West 1992). However, even though interspousal tort immunity provides a spouse a defense to a direct cause of action by the other spouse, it does not bar an action for contribution by a third party. *Wirth*, 102 Ill. App. 3d at 1081-82.

■ In contrast, the defense of contributory negligence is a factual defense that allows a defendant to reduce his liability by the percentage plaintiff is responsible for his own injuries. The contributory fault statute provides:

> "In all actions on account of bodily injury or death or physical damage to property, based on negligence, *** the plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought." 735 ILCS 5/2—1116 (West 1992).

Plaintiff argues that the contributory negligence defense is personal to the underinsured driver and is not available to Economy, as there is no relationship between the underinsured driver and Economy that allows Economy to assert tort defenses available to the underinsured driver alone. Plaintiff's argument fails because it is contrary to the explicit language of the contributory fault statute (735 ILCS 5/2—1116 (West 1992)), which applies to "all actions on account of bodily injury or death or damage to property, based on negligence." The statute is not written to apply to a particular class of litigants but, rather, applies across the board to "all actions." Plaintiff cites no authority that would lead us to a contrary conclusion, and we have found none in our own search of the law.

■ Plaintiff next argues that Economy cannot use the defense of contributory negligence in this case, since plaintiff's claim against Economy is entirely based upon contract law. What plaintiff fails to

recognize is that this contract of automobile insurance provides for coverage in the event of injuries sustained *as the result of tortious conduct.* Hence, plaintiff would have no claim against the insurance company absent the insurance policy, but he would have no cause of action against the underinsured driver without an allegation of negligence against the underinsured driver.

Plaintiff's claim against his insurance company is an action "on account of bodily injury" based upon plaintiff's allegation of negligence on the part of the underinsured driver. 735 ILCS 5/2—1116 (West 1992). The fact that plaintiff's claim against Economy would not exist without the contract of insurance does not negate the fact that the underlying cause of action is "on account of bodily injury" based upon the negligence of the underinsured driver. 735 ILCS 5/2—1116 (West 1992). Hence, Economy is entitled to raise the defense of plaintiff's contributory negligence in the arbitration proceedings in order for the arbitrator to determine the damages plaintiff is "legally entitled to recover" under the insurance policy. As Economy correctly points out, the arbitrator cannot assess the type and amount of damages available to plaintiff without reference to Illinois law, which includes the contributory fault statute which bars any recovery to plaintiff if he is more than 50% responsible for his own injuries.

We hold that the trial court did not abuse its discretion in finding: "[The defense of contributory negligence] is not a defense which is personal to certain parties and then goes away ***. It is a limitation which applies to all actions based on negligence[,] and therefore, contributory negligence must be considered in determining what Plaintiff is legally entitled to recover." Accordingly, we affirm the trial court's entry of summary judgment in favor of Economy.

Affirmed.

JUSTICE MAAG, specially concurring:

Section 2—1116 of the Code of Civil Procedure provides that "[t]he plaintiff shall be barred from *recovering damages*" if the plaintiff is more than 50% at fault. (Emphasis added.) 735 ILCS 5/2—1116 (West 1992). The insurance policy at issue obligates the insurer to pay "all sums the insured is *legally entitled to recover*" from the owner or driver of the underinsured vehicle. (Emphasis added.) Our supreme court has defined the phrase *legally entitled to recover* to mean that a claimant must be able to prove the elements of her claim to be entitled to recover damages. *Elkins,* 77 Ill. 2d at 390-91, 396 N.E.2d at 531. In our practice prior to *Alvis v. Ribar,* 85 Ill. 2d 1,

421 N.E.2d 886 (1981), and comparative fault, it was the duty of the plaintiff to plead and prove freedom from contributory negligence. *Peterson v. Campbell*, 105 Ill. App. 3d 992, 434 N.E.2d 1169 (1982). With the advent of comparative fault, contributory negligence became an affirmative defense for defendant to plead and prove. Failure to plead the defense waives it, regardless of the evidence. *Blackburn v. Johnson*, 187 Ill. App. 3d 557, 543 N.E.2d 583 (1989).

With this background I believe that the decision in *Elkins* must be evaluated to determine whether that decision controls the instant case. The *Elkins* court was concerned with interspousal *immunity*. Immunity is based chiefly upon a person's status. *Wright v. Grove Sun Newspaper Co.*, 873 P.2d 983 (Okla. 1994). Generally, immunities are personal to the individual or entity and arise as a result of that person's or entity's position or status, *e.g.*, interspousal immunity, judicial immunity, parent/child immunity. This was the situation in *Elkins*, and as a result the defense of interspousal immunity, being personal, was not available to the insurer.

In contrast, the defense of contributory negligence is not personal. No special status or position is involved. Rather, the plaintiff's conduct is simply evaluated to determine whether ordinary care was exercised. If the plaintiff was contributorily negligent, then damages are reduced accordingly. If the plaintiff was more than 50% at fault, he may not recover. The fact that interspousal immunity and contributory negligence are both affirmative matters to be pleaded by the defendant is not controlling. Rather, I believe that *Elkins* simply holds that "immunities" (being personal) cannot be claimed by anyone other than the party enjoying the immunity.

I therefore concur.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent.

In my view the majority errs in finding that comparative negligence would apply in the determination and arbitration as to what sum plaintiff may recover. In particular, the majority, in reaching this conclusion, misconstrues *Allstate Insurance Co. v. Elkins*, 77 Ill. 2d 384, 396 N.E.2d 528 (1979).

*Elkins* is clearly the controlling case in this situation. The language of the two policies is substantially similar, and the logic of *Elkins* applies. The supreme court followed authorities from other jurisdictions, which it cited in its opinion, showing that "recovery has been permitted when the claimant shows conduct on the part of the tortfeasor spouse which would entitle the claimant to recover damages even though a defense available to the tortfeasor would defeat

actual recovery." *Elkins*, 77 Ill. 2d at 389, 396 N.E.2d at 530. Our supreme court concluded that the claimant need only show entitlement to damages.

> "We agree with the appellate court that the proper interpretation of the words 'legally entitled to recover' means that the claimant must be able to prove the elements of her claim necessary to entitle her to recover damages. That the tortfeasor uninsured motorist in an action brought against him might be in a position to invoke a defense of limitations or some form of statutory immunity is relevant to the question of the right to enforce payment, but does not affect the claimant's legal entitlement to recovery. In interpreting the provisions of an insurance policy the intent of the parties is the most significant factor and any ambiguity should be construed in favor of the insured. (*Kaufmann v. Economy Fire & Casualty Co.* (1979), 76 Ill. 2d 11[, 389 N.E.2d 1150].)" *Elkins*, 77 Ill. 2d at 390-91, 396 N.E.2d at 531.

The *Elkins* court affirmed the ruling of the appellate court, which noted that the insurer did not stand in the shoes of the underlying defendant who could assert a defense such as this. *Allstate Insurance Co. v. Elkins*, 63 Ill. App. 3d 62, 66, 381 N.E.2d 1, 4 (1978). The supreme court in *Elkins* concluded that the claimant need only show entitlement to damages and that an affirmative defense bar such as spousal immunity could not be raised. *Elkins*, 77 Ill. 2d at 389, 396 N.E.2d at 531.

The majority notes that the *Elkins* decision predated the doctrine of comparative fault in Illinois. This position fails to recognize that the doctrine in existence at the time *Elkins* was decided was contributory negligence, which operated as a complete bar. See *Alvis v. Ribar*, 85 Ill. 2d 1, 421 N.E.2d 886 (1981). This is a distinction without a difference. The same may be said of the majority's position that comparative fault by statute applies to "all actions." It still constitutes an affirmative defense, just as spousal immunity, which, according to *Elkins*, cannot be raised by the insurer. *Elkins*, 77 Ill. 2d at 390-91, 396 N.E.2d at 531.

Based on the clear holding of *Elkins*, I would find that the trial court abused its discretion in its order and reverse and remand the case for further proceedings.